UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JUAN MARQUEZ,

       Petitioner,

- against -

GLENN S. GOORD, Commissioner
New York State Department of Correctional
Services

BRIAN FISCHER, Superintendent
Sing Sing Correctional Facility,

       Respondents.

---

05 Civ. 3549 (KMK)(LMS)

REPORT AND
RECOMMENDATION

TO: THE HONORABLE KENNETH M. KARAS,
   UNITED STATES DISTRICT JUDGE

  Petitioner Juan Marquez, proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. §2254 to challenge his conviction for Manslaughter in the First Degree (N.Y. Penal Law §125.20) and Criminal Possession of a Weapon in the Third Degree (N.Y. Penal Law § 265.02). Petition (Docket # 1) at 1. On March 13, 2001, Petitioner was sentenced to 20 years imprisonment for his conviction of Manslaughter in the First Degree and 1 1/3 to 4 years imprisonment for his conviction of Criminal Possession of a Weapon in the Third Degree, both sentences to run concurrently. Respondents' Ex. 6 (Sentencing Minutes) at 13 (hereinafter "Resp't").

  On May 23, 2001, the Appellate Division granted Petitioner's Motion for poor person relief and assigned Michael G. Paul, Esq., as Petitioner's appellate counsel. Petitioner filed a direct appeal to the New York State Appellate Division, Second Department, making five

arguments: (1) that it was prejudicial error not to suppress the identification of Petitioner that resulted from suggestive police procedure, (2) that the Petitioner's arrest was unlawful and any statements taken from him without having been advised of his rights should have been suppressed, (3) that the verdict was against the weight of the evidence, (4) that the Petitioner was denied the effective assistance of counsel, and (5) that the Petitioner was subjected to overly harsh or excessive sentencing for the offenses of which he was convicted.  Resp't Ex.  7 (Appellant's Brief) at ii.  On February 10, 2003, the Appellate Division, Second Department, unanimously affirmed the conviction.  People v. Marquez, 302 A.D.2d 477 (2nd Dep't 2003).  On April 12, 2003, Petitioner sought leave to appeal to the New York Court of Appeals.  Resp't Ex. 11 (Application for Leave to Appeal).  On December 10, 2003, the Court of Appeals determined that there was no question of law presented and leave to appeal was denied.  Resp't Ex. 12 (Certificate Denying Leave to Appeal).

     Petitioner executed a petition for a writ of habeas corpus on March 18, 2005, and delivered the petition that same day to prison authorities for transmission to the court.  Pet. (Docket #1) at 6.  The petition sets forth the same five grounds for habeas relief that had been included in the state court appeal.  Pet. (Docket #1) at 4.  Petitioner later filed a Memorandum of Law in support of his habeas petition on June 6, 2005.  See Memorandum of Law (Docket #6).  Respondents filed a Memorandum of Law in Opposition to Petitioner's habeas petition on June 17, 2005, in which Respondents claim that Petitioner's initial habeas filing was untimely.  Resp't Memorandum of Law (Docket #8) at 24.

     For the reasons that follow, I conclude, and I respectfully recommend that Your Honor should conclude, that the Petition should be dismissed as untimely.  In the event that Your

Honor disagrees with my recommendation, I respectfully request that the matter be referred to me again, for a Report and Recommendation on the substance of the petition.

**DISCUSSION**

**Standard of Review**

"Habeas review is an extraordinary remedy." Bousley v. United States, 523 U.S. 614, 621 (1998) (citing Reed v. Farley, 512 U.S. 339, 354 (1994)). To be granted a writ of habeas corpus from a federal district court, a petitioner must fully and carefully comply with the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254. Under the AEDPA, all state remedies must be exhausted before a federal court may consider a state prisoner's petition for a writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A); see also Picard v. Connor, 404 U.S. 270, 275 (1971). In the interests of comity and expeditious federal review, states should have the first opportunity to address and correct alleged violations of a state prisoner's federal rights. See Coleman v. Thompson, 501 U.S. 722, 731 (1991); see also Daye v. Attorney General of the State of New York, 696 F.2d 186, 190-91 (2d Cir. 1982). The exhaustion requirement of the federal habeas corpus statute is set forth in 28 U.S.C. 2254(b), (c):

> (b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

3

28 U.S.C. 2254(b), (c).

Generally, a state prisoner has one year from the date his or her conviction becomes final to file a habeas petition in federal court. 28 U.S.C. § 2244(d)(1). This limitations period ordinarily begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). This includes "direct review by the United States Supreme Court via writ of certiorari, and [thus] the limitations period for state prisoners therefore begins to run only after the denial of certiorari or the expiration of time for seeking certiorari." Williams v. Artuz, 237 F. 3d 147, 151 (2d Cir. 2001). The limitations period is tolled while ". . . a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." 28 U.S.C. § 2244(d)(2). The limitations period may also be equitably tolled if a petitioner can show that "extraordinary circumstances prevented him [or her] from filing his [or her] petition on time." Smith v. McGinnis, 208 F.3d 13, 17 (2d Cir. 2000). After a petitioner has met these threshold requirements, a federal district court generally may hear "an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court" only if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

In this case, the preliminary condition requiring filing within the one year statute of limitations under AEDPA has not been satisfied. Therefore, I conclude, and I respectfully recommend that Your Honor should conclude, that Petitioner's habeas corpus petition is untimely and must be dismissed.

**Statute of Limitations Issue**

As noted above, Petitioner's application for leave to appeal to New York State's highest court, the Court of Appeals, was denied on December 10, 2003.  Resp't Ex. 12 (Certificate Denying Leave to Appeal).  The only remedy available to Petitioner to contest such a denial is a direct appeal to the United States Supreme Court, obtainable only by filing a petition for a writ of certiorari.  Petitioner never filed such a petition, therefore the judgment of the Court of Appeals became final when the time for filing such an appeal expired.  See Ross v. Artuz, 150 F.3d 97, 98 (2d Cir. 1998).

Rule 13 of the Rules of the United States Supreme Court reads:

> Unless otherwise provided by law, a petition for a writ of certiorari to review a judgment in any case, civil or criminal, entered by a state court of last resort...is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment.

Thus, Petitioner had 90 days from the date the Court of Appeals denied him leave to appeal in which to file a petition for a writ with the United States Supreme Court.  Since Petitioner did not choose to file a petition for a writ of certiorari within that time, the judgment became final on March 10, 2004 – 90 days from the date his application for leave to appeal was denied by the Court of Appeals.  This, then, is the date when the statute of limitations under AEDPA began to run.  Therefore, under AEDPA's one year statute of limitations provision, Petitioner had until March 10, 2005 to file a petition for a writ of habeas corpus.

Petitioner executed his petition for a writ of habeas corpus on March 18, 2005.  Pet. (Docket #1) at 6.  A pro se prisoner's petition for habeas corpus is deemed filed on the day he or she delivers the petition to prison authorities for transmittal to the court.  Houston v. Lack, 487

U.S. 266; see also Noble v. Kelly, 246 F.3d 93, 97 (2d Cir. 2001) ("... a prisoner appearing pro se satisfies the time limit for filing a notice of appeal if he [or she] delivers the notice to prison officials within the time specified. This 'prison mailbox' rule is justified by the litigant's dependence on the prison mail system and lack of counsel to assure timely filing with the court"). Petitioner's signature on his habeas application is preceded by the handwritten date of "3/18/05." The habeas petition also contains a section, following Petitioner's signature, which reads as follows:

> I declare under the penalty of perjury that on _____, I delivered this petition to prison authorities to be mailed to the United States District Court for the Southern District of New York.
>
> _____
> Signature of Petitioner

Petitioner signed and dated this clause "3/18/05," as well. Pet. (Docket #1) at 1. Thus, the evidence before the Court establishes Petitioner filed his application for a writ of habeas corpus on March 18, 2005, eight days past the filing deadline of March 10, 2005.

While "extraordinary circumstances" may exist which will toll the statute of limitations under AEDPA, no such claim has been asserted here. See Warren v. Garvin, 219 F.3d 111; see also Smith v. McGinnis, 208 F.3d 13 (2d Cir. 2000). The burden of establishing such extraordinary circumstances falls on the petitioner. Rhodes v. Senkowski, 82 F. Supp. 2d 160 ("The burden is on the petitioner-here, Rhodes-to make such a showing, and federal courts are to 'take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.'" Id. at 167; quoting Calderon v. United States Dist. Court, 128 F.3d 1288, 1289 (9th Cir. 1997)); see also Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)("Generally, a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he [or she] has been pursuing his [or her] rights diligently, and (2) that some extraordinary circumstance stood in his [or her] way"). Again, Petitioner does not specify any "extraordinary circumstances" that prevented him from filing on time.

Furthermore, the pre-printed habeas petition form specifically asks the applicant to note the reasons for filing late, if the judgment became final more than one year prior to the date of the petition. To this question, the Petitioner answered:

> Petitioner currently files this Writ for Habeas Corpus consistent with the provisions codified in 28 U.S.C. §2244(d), and the grace period thereunder, which places petitioner's present request for Writ of Habeas Corpus timely filed consistent with the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA").

Pet. (Docket #1) at 5. It appears from this answer that Petitioner was unaware that his petition was filed after the one year statute of limitations had expired. Pet. (Docket #1) at 5. However, Respondents clearly stated in the first point of their Memorandum of Law that the application was untimely. Resp't Memorandum of Law (Docket #8) at 24. In his Reply Argument, Petitioner only briefly attempts to address this point, claiming that he should be afforded a stay under the rationale of Zarvela v. Artuz, 254 F.3d 374 (2d Cir. 2001). Petitioner's Reply (Docket # 9) at 18-19. In Zarvela, the Circuit held that when a prisoner files a mixed habeas petition containing both exhausted and unexhausted claims, the court may, in its discretion, stay the proceedings on the petition while the petitioner returns to state court to exhaust the unexhausted claims. Zarvela, 254 F.3d at 380. What Petitioner fails to realize, however, is that a stay may only be granted if the initial habeas petition is timely filed within the one year limitations period. ("Finally, he [petitioner] must make sure that he has complied with the one-year statute of

limitations that AEDPA establishes for filing habeas petitions." Zarvela, 254 F.3d at 379.) Moreover, even if a stay of the proceeding were granted, a stay would have no impact on the issue of timeliness. Because Petitioner has not filed within the one year statute of limitations period under AEDPA, he may not take advantage of the stay provision elucidated in Zarvela.

Finally, pro se prisoners are not granted any leeway or grace period regarding the one year statute of limitations simply because they are proceeding without counsel. See Rhodes, F. Supp. 2d at 172, n. 7. In fact, several courts have rejected as untimely habeas petitions brought by pro se prisoners that missed the deadline by mere days. See Valverde v. Stinson, 224 F.3d 129 (2d Cir. 2000) (pro se prisoner's habeas petition, filed 12 days late, was found to be untimely by the court; remanded on other grounds); Fennel v. Artuz, 14 F. Supp. 2d 374 (S.D.N.Y. 1998) (pro se prisoner's habeas petition, filed 10 days late, was found to be untimely by the court). Thus, Petitioner's pro se petition for a writ of habeas corpus, filed 8 days after the statute of limitations had expired under AEDPA, was untimely and must be dismissed.

## CONCLUSION

For the reasons stated above, I conclude, and respectfully recommend that Your Honor should conclude, that the instant habeas petition should be dismissed as untimely. As the petition presents no questions of substance for appellate review, I conclude, and respectfully recommend, that a certificate of probable cause should not issue. Rodriguez v. Scully, 905 F.2d 24 (2d Cir. 1990) (per curiam); Alexander v. Harris, 595 F.2d 87, 90-91 (2d Cir. 1979). I further conclude, and respectfully recommend, that the Court should certify pursuant to 28 U.S.C. §1915(a) that an appeal from this order would not be taken in good faith. See Coppedge v. United States, 369

9

U.S. 438 (1962).

## NOTICE

Pursuant to 28 U.S.C. § 636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(e), or a total of seventeen (17) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court, with extra copies delivered to the chambers of The Honorable Kenneth M. Karas, at the United States District Court, Southern District of New York, United States Courthouse, 300 Quarropas Street, White Plains, New York 10601, and to the chambers of the undersigned at the same courthouse.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Karas and should not be made to the undersigned.

Dated: March  1, 2010
       White Plains, New York

Respectfully submitted,

Lisa Margaret Smith
United States Magistrate Judge
Southern District of New York

9

Copies of the foregoing Report & Recommendation have been sent to the following:

The Honorable Kenneth M. Karas
300 Quarropas Street
White Plains, New York 10601

Juan Marquez
Sing Sing Correctional Facility
354 Hunter Street
Ossining, New York 10562

John J. Sergi, Assistant District Attorney
Office of the District Attorney of Westchester County
County Courthouse
111 Dr. Martin Luther King Jr. Blvd.
White Plains, New York 10601